UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELINDA COCKRELL | ) | CASE NO. |
| 4657 St. Francis Ln. | ) | |
| Whitehall, OH 43213 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | MAGISTRATE JUDGE |
| *similarly situated,* | ) | |
| | ) | **PLAINTIFF'S CLASS AND** |
| Plaintiff, | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | (Jury Demand Endorse Herein) |
| TEE JAYE'S COUNTRY PLACE, INC. | ) | |
| *d/b/a* TEE JAYE'S COUNTRY PLACE | ) | |
| c/o Statutory Agent Roderick H. Willcox | ) | |
| 65 E. State St. Suite 1000 | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| DAYNA SOKOL | ) | |
| 1363 Parsons Ave. | ) | |
| Columbus, OH 43206 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Melinda Cockrell, by and through counsel, respectfully files this Class and

Collective Action Complaint against Tee Jaye's Country Place, Inc. and Dayna Sokol, and states

and alleges the following:

**INTRODUCTION**

1.      Plaintiff brings this case to challenge policies and practices of Tee Jaye's Country

Place, Inc. (hereinafter also referred to as "Tee Jaye's") and Dayna Sokol (hereinafter also

collectively referred to as "Defendants") that violated the minimum wage, overtime and tip

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio overtime

compensation statute, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and Art. II, Sec. 34a of the Ohio

Constitution. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour provisions of Ohio law, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and Art. II, Sec. 34a of the Ohio Constitution (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and Constitution of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this judicial district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Melinda Cockrell was a citizen of the United States and a resident of Franklin County, Ohio.

6.      Defendant Tee Jaye's Country Place, Inc. is an Ohio for-profit corporation with its principal place of business in Franklin County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Tee Jaye's Country Place, Inc.'s statutory agent for service of

process is Roderick H. Willcox, 65 E. State St. Suite 1000, Columbus, OH 43215.[1] According to records maintained by the Ohio Secretary of State, Defendant Tee Jaye's Country Place, Inc. has controlled the fictitious name "Tee Jaye's Country Place" since June 1996.[2]

7.      Defendant Dayna Sokol is an owner and the President of Defendant Tee Jaye's Country Place, Inc.[3] [4] Upon information and belief, Defendant Dayna Sokol exercises daily operational control over Defendant Tee Jaye's Country Place, Inc.'s business operations, including making decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendants' Business

8.      Defendants are owners and operators of approximately eight (8) Tee Jaye's Country Place restaurant locations in Ohio.[5]

### Plaintiff's, the FLSA Collective's and the Ohio Class's Employments with Defendants

9.      Defendants have employed hundreds of full and part-time hourly tipped employees (hereinafter referred to as "tipped employees") during the relevant period.

10.      Plaintiff Melinda Cockrell was employed by Defendants from about April 2019 to October 2019 as a tipped employee at the South Hamilton, Ohio Tee Jaye's Country Place location as a server and hourly manager.

---

[1] https://businesssearch.ohiosos.gov/?=businessDetails/560815 (accessed Oct. 14, 2019).
[2] https://businesssearch.ohiosos.gov/?=businessDetails/FN74120 (accessed Oct. 14, 2019).
[3] https://www.dispatch.com/article/20100309/news/303099667 (accessed Oct. 15, 2019).
[4] *See* https://teejayes.com/about/ (accessed Oct. 14, 2019).
[5] https://teejayes.com/locations/ (accessed Oct. 14, 2019).

11. At all times relevant, Plaintiff, the FLSA Collective and the Ohio Class were employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq.* and Art. II, Sec. 34a of the Ohio Constitution.

12. Plaintiff, the FLSA Collective and the Ohio Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

13. Part of Plaintiff's, the FLSA Collective's and the Ohio Class's job duties included regularly processing credit card transactions involving out-of-state banks and financial institutions for Defendants' customers, and regularly handling multiple goods and products that have been produced or moved in interstate commerce.

14. At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### Defendants' Statuses as Employers

15. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), Ohio Const. Article II, Section 34a and O.R.C. §§ 4111.01, *et seq.*, and employed hourly tipped employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

16. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18. Defendant Dayna Sokol is an employer pursuant to 29 U.S.C. § 203(d) in that she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Tee

4

Jaye's Country Place, Inc., "in relation to employees," including Plaintiff, the FLSA Collective and the Ohio Class. Defendant Dayna Sokol is also an employer pursuant to O.R.C. Chapter 4111 and Ohio Const. Article II, Section 34a, and had operational control over significant aspects of Tee Jaye's Country Place, Inc.'s day-to-day functions, including compensation of employees.

19. Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire tipped employees; supervised and controlled tipped employees' work schedules or conditions of employment; determined tipped employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### *Defendants' Statuses as a "Single Employer" and "Single Enterprise"*

20. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant, Defendants have operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of Tee Jaye's restaurants in Ohio

21. Defendants own and operate multiple Tee Jaye's restaurants across the State of Ohio.

22. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Defendants' Tee Jaye's restaurants.

23. Defendants share employees between restaurant locations.

24. Defendants share common management between Tee Jaye's restaurant locations.

5

25.     Defendants share common human resources and payroll services between Tee Jaye's restaurant locations.

26.     Defendants provide the same array of products and services to customers at the Tee Jaye's restaurant locations.

27.     Defendants represent themselves to the general public as a single entity – Tee Jaye's Country Place – operating at multiple locations. Defendants use the trade name "Tee Jaye's Country Place" at all of their restaurant locations. Defendants' restaurants are advertised on the same website.

28.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

29.     Defendants' chain of Tee Jaye's restaurants provides the same service product to customers by using a set formula when conducting business. Defendants operate each Tee Jaye's restaurant location identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

30.     Part of that set formula is the deprivation of minimum wage, overtime and tips to their tipped employees as outlined in this Complaint.

## The FLSA and Ohio Law's Tip Requirements

31.     The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio law, for example, provides the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the

employer are equal to or greater than the minimum wage rate for all hours worked." Ohio Const. Article II, Section 34a.

32.    Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for tipped employees was $4.05 per hour *plus tips* totaling at least $8.10 per hour in 2016, $4.08 per hour *plus tips* totaling at least $8.15 per hour in 2017, $4.15 per hour *plus tips* totaling at least $8.30 per hour in 2018, and is $4.30 per hour *plus tips* totaling at least $8.55 per hour in 2019.[6]

33.    The tip-credit provisions of the FLSA allow employers to pay less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

### Defendants' Impermissible Tip Credit Policies and Practices

34.    Defendants compensated Plaintiff and other members of the FLSA Collective and Ohio Class as tipped employees during Plaintiff's, the FLSA Collective's and the Ohio Class's employments; Defendants paid Plaintiff and other members of the FLSA Collective and Ohio Class less than the statutory minimum hourly wage, a sub-minimum wage, and took a "tip credit" against their minimum wage obligations.

35.    Though Defendants paid Plaintiff, the FLSA Collective and the Ohio Class a sub-minimum wage as tipped employees, Defendants did not comply with 29 U.S.C. § 203(m)'s and Ohio law's tip credit requirements and were thus disqualified from taking a tip credit against Plaintiff's, the FLSA Collective's and the Ohio Class's minimum wages.

---

[6] https://www.com.ohio.gov/documents/dico_2019MinimumWageposter.pdf (accessed Oct. 21, 2019).

36.     Plaintiff, the FLSA Collective and the Ohio Class routinely had their earned tips withheld by Defendants.

37.     Defendants were prohibited from taking a tip credit when they withheld portions of tipped employees' tips, including but not limited for the purposes of distributing tips to management or to pay customarily non-tipped employees including managers, owners and/or other non-tipped employees. 29 CFR § 531.59.

38.     Retaining or withholding tips by management does not constitute a valid tip sharing and/or pooling practice under the Department of Labor's regulations and federal and state law. As a result of Defendants' unlawful tip disbursement, sharing and/or pooling practices, Defendants were disqualified from taking a tip credit.

39.     As a result of the impermissible tip disbursement, sharing and/or pooling policies or practices, Plaintiff, the FLSA Collective and the Ohio Class were regularly paid less than the Ohio and federal minimum wage. As a result of Defendants' unlawful tip disbursement, sharing and/or pooling policies or practices, Plaintiff, the FLSA Collective and the Ohio Class are entitled to receive the non-tipped employee minimum wage plus tips for every hour of work that they performed for Defendants.

**<u>Defendants' Unlawful Taking of Tips</u>**

40.     The FLSA provides that "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m).

41.     As a result of the impermissible keeping of tips received by Plaintiff, the FLSA Collective and the Ohio Class for any purpose, including but not limited to allowing

8

management, managers or supervisors to keep any portion of Plaintiff's, the FLSA Collective's and the Ohio Class's tips, regardless of whether or not Defendants took a tip credit, Defendants violated 29 U.S.C. § 203(m).

**Defendants' Failure to Pay All Hours Worked**

42.     In addition to the above unlawful tip credit payroll practices or policies, while Plaintiff, the FLSA Collective and the Ohio Class were paid on an hourly basis, Defendants consistently failed to pay Plaintiff, the FLSA Collective and the Ohio Class for all hours worked. 29 U.S.C. §§ 206-207.

43.     Defendants' owners, managers and/or supervisors edited, modified, and/or altered Plaintiff's, the FLSA Collective's and the Ohio Class's timekeeping records and/or avoided paying Plaintiff, the FLSA Collective and the Ohio Class for work time occurring after the scheduled shift ending time in order to improperly reduce the number of hours they actually worked per week to reduce labor costs. *See* 29 C.F.R. § 785.11.

44.     Defendants' editing practices further reduced Plaintiff's, the FLSA Collective's and the Ohio Class's tipped employees' hourly rates below the applicable minimum wage. As a result, Plaintiff, the FLSA Collective and the Ohio Class were not paid minimum wage for many of their hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*., and Ohio Law.

45.     Defendants paid Plaintiff, the FLSA Collective and the Ohio Class a sub-minimum wage, ostensibly in accordance with the tip-credit provisions of the FLSA, which allows employers to pay less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

9

## **Defendants' Overtime Violations**

46.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

47.     Plaintiff and other members of the FLSA Collective and Ohio Class worked more than forty (40) hours in a single workweek.

48.     However, while Plaintiff, the FLSA Collective, and Ohio Class worked more than forty (40) hours in a single workweek, as a result of Defendants' minimum wage violations and unlawful tip credit practices and policies, Defendants paid Plaintiff and other members of the FLSA Collective and Ohio Class a reduced overtime wage when these employees worked more than forty (40) hours in a single workweek. Defendants failed to properly calculate and pay overtime compensation each workweek that Plaintiff and other members of the FLSA Collective and Ohio Class worked more than forty (40) hours and were due a full non-tipped minimum wage when Defendants were prohibited from taking a tip credit.

49.     In addition, as a result of Defendants' failure to pay all hours worked, including overtime hours, Defendants did not accurately track and compensate overtime at the time and one-half rate required. Although Defendants suffered and permitted Plaintiff, the FLSA Collective, and Ohio Class to work more than forty (40) hours in a single workweek, Defendants failed to pay Plaintiff, the FLSA Collective, and Ohio Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in each workweek. *See* 29 C.F.R. § 785.11. Moreover, although tipped employees regularly completed tasks that are required by Defendants, were performed for Defendants' benefit, and constituted part of hourly

10

employees' principal activities and/or were integral and indispensable to their principal activities, hourly employees were not paid for all time spent performing these tasks.

50.     Defendants did not pay overtime compensation to their tipped employees at one and one-half times their tipped employees' appropriate "regular rate" of pay, or full minimum wage. As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not properly paid overtime for all of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### Defendants' Record Keeping Violations

51.     Despite being able to accurately track tipped employee's hours utilizing Defendants' timekeeping software, Defendants failed to make, keep and preserve complete and accurate records of hours worked of Plaintiff and other members of the FLSA Collective and Ohio Class sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by the FLSA and Ohio law.

52.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for

each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

53.     Defendants failed to keep accurate records of hours worked. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

54.     Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to tips, minimum wage and overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

55.     Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

56.     The above payroll practices and policies resulted in knowing and willful minimum wage, tip and overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111, *et seq.*; and Ohio Const. Art. II, § 34a.

### COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

59.     The FLSA Collective consists of:

> All present and former tipped employees and other employees with similar job titles and/or positions of Defendants in Ohio during the period of three years preceding the commencement of this action to the present.

12

60.    Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt tipped employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wage for all hours worked, failing to properly pay overtime compensation for all hours worked in excess of forty (40) hours per workweek, failing to properly pay tips, and all have the same claims against Defendants for unpaid tips, minimum wage and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

61.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

62.    Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former tipped employees and other employees with similar job titles and/or positions of Defendants in Ohio during the period of two years preceding the commencement of this action to the present.

65.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c); 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

66.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants' conduct as described above violates Ohio law governing payment of minimum wage and overtime compensation;
>
> Whether Defendants denied hourly tipped employees minimum wages where, among other things, tips of hourly tipped employees were withheld and/or distributed to management and/or customarily non-tipped employees including managers, owners and/or other non-tipped employees;
>
> Whether Defendants denied hourly tipped employees minimum wage by, among other things, taking a tip credit when Defendants were not permitted to do so;
>
> Whether Defendants denied hourly tipped employees overtime compensation under Ohio law where, among other things, hourly tipped employees were not paid at least one and one-half times the appropriate "regular rate" for all hours worked in excess of forty hours in each workweek;
>
> Whether Defendants' conduct violates the Ohio Minimum Fair Wage Standards Act; and
>
> Whether Defendants' conduct violates Ohio Const. Art. II, § 34a.

67.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

68.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

69.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

70.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage Violations)

71.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72.    The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. *See* 29 U.S.C. § 206.

73.     Defendants failed to comply with the requirements of 29 U.S.C. § 206 by paying employees less than the applicable Ohio minimum wage. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

74.     Defendants' unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

75.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and the FLSA Collective's rights, and entitle Plaintiff and the FLSA Collective to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Art. II, Sec. 34a of the Ohio Constitution Minimum Wage Violations)

76.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

77.     Plaintiff brings this claim for violation of the Ohio's Constitutional minimum wage provisions contained within Art. II, Sec. 34a of the Ohio Constitution on behalf of herself and other members of the FLSA Collective and Ohio Class.

78.     The Ohio Constitution requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform.

79.     Based on the improper practices and policies described herein, Defendants failed to comply with the requirements of the Ohio Constitution by paying employees less than the applicable minimum wage rate.

16

80.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution, including by refusing and/or failing to calculate and pay Plaintiff's, the FLSA Collective's and the Ohio Class's minimum wages as required by the Ohio Constitution.

81.     Defendants' unlawful conduct directly and proximately caused Plaintiff, the FLSA Collective and the Ohio Class to suffer damages for which they are entitled to judgment.

82.     Plaintiff and other members of the FLSA Collective and Ohio Class are entitled to "equitable and monetary relief" including "two times the amount of the back wages", or triple damages, for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

### COUNT THREE
### (FLSA Overtime Violations)

83.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

85.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

86.     Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

87.     Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

88.     By engaging in these policies and practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

89.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT FOUR
### (Ohio Overtime Violations)

90.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

91.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

92.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

93.     Defendants' failure to properly compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

94.     These violations of Ohio law injured Plaintiff, the FLSA Collective and the Ohio Class in that they did not receive wages due to them pursuant to that statute.

95.     Having injured Plaintiff, the FLSA Collective and the Ohio Class, Defendants are "liable to [Plaintiff, the FLSA Collective and the Ohio Class] for the full amount of the overtime wage rate, less any amount actually paid to the employee … and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. 4111.10.

18

## COUNT FIVE
### (FLSA Tip Violations)

96.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

97.     Plaintiff brings this claim for violation of the FLSA's employer tip keeping prohibitions.

98.     As a result of the impermissible keeping of tips received by Plaintiff and the FLSA Collective for any purpose, Defendants violated 29 U.S.C. § 203(m) and the regulations thereunder that have the force of law.

99.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including keeping the tips of their tipped employees for any purposes. 29 U.S.C. § 203(m).

100.     Defendants' unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

101.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and the FLSA Collective's rights, and entitle Plaintiff and the FLSA Collective to the sum of any tip credit taken by Defendants, all tips unlawfully kept by Defendants, liquidated damages, and $1,100 for each violation of the FLSA's tip keeping prohibitions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendants and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and the members of the Ohio Class in the amount of their unpaid minimum wages, as well as statutory damages in an amount equal to twice the unpaid minimum wages under Ohio Law;

E.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and the members of the Ohio Class in the amount of the sum of any tip credit taken by Defendants and all tips unlawfully kept by Defendants, in addition to liquidated damages in an equal amount, as well as $1,100 for each violation of 29 U.S.C. § 203(m)(2)(B);

F.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

G.    Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

20

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ *Kevin M. McDermott II*
Kevin M. McDermott II (0090455)